# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| AMANDA L. PAYNE, | : | |
|    Plaintiff, | : | |
| v. | : | CA 12-00571-KD-C |
| CAROLYN W. COLVIN, | | |
| Acting Commissioner of Social Security, | : | |
|    Defendant. | : | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the plaintiff's application for attorney fees under the Equal Access to Justice Act (the "EAJA") and reimbursement of her filing fee under 28 U.S.C. § 2412(a)(1) & (d)(1)(A). (Doc. 21.) The plaintiff has attached to her application for fees a document titled "Limited Power of Attorney" in which the plaintiff authorizes her attorney to apply for EAJA fees and to have those fees paid directly to her attorney. (Doc. 21-2.) The Commissioner has filed a response to the application in which she does not oppose the requested attorney fees or filing fee. (Doc. 23 at 1-2.) The Commissioner, however, asserts that any award should be made payable to the plaintiff, rather than her attorney. (*Id.* at 2.) Plaintiff's petition for fees has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Upon consideration of all pertinent materials contained in this file, it is **RECOMMENDED** that the plaintiff should receive a reasonable attorney's fee in the amount of **$3,306.06** under the EAJA for legal services rendered by her attorney in this Court, as well as court costs in the amount of **$350.00** for her filing fee. *See Astrue v.*

*Ratliff*, ___ U.S. ___, 130 S. Ct. 2521, 2526 & 2526-27 (2010) ("Ratliff [] asserts that subsection (d)(1)(A)'s use of the verb 'award' renders § 2412(d) fees payable directly to a prevailing party's attorney[.] . . . We disagree. . . . The plain meaning of the word 'award' in subsection (d)(1)(A) is [] that the court shall 'give or assign by . . . judicial determination' to the 'prevailing party' (here, Ratliff's client Ree) attorney's fees in the amount sought and substantiated under, inter alia, subsection (d)(1)(B). . . . The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney. For the reasons we have explained, the statute's plain text does the opposite—it 'awards' the fees to the litigant[.]"); *see also Brown v. Astrue*, 271 Fed. App'x 741, 743 (10th Cir. Mar. 27, 2008) ("The district court correctly held that Mr. Brown's assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him. Thus, the district court correctly declined to award the fees directly to counsel.").

Accordingly, the Court disregards the Limited Power of Attorney (Doc. 21-2) appended to the application, which is (at least in part) essentially an assignment (*see id.*, ¶ 2 (appointing counsel the ability to "[a]pply to the government and/or court to have any [EAJA] settlement checks made payable directly to [counsel]")).[1]

---

[1] Where, as is the case here, the Court is provided an executed "assignment,"

[i]n light of *Ratliff*, [the best] practice [is] to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award. The Court leaves it to the discretion of the

## Discussion

On May 8, 2013, the Court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (Doc. 20; *see also* Doc. 18, report and recommendation; Doc. 19, order adopting report and recommendation.) In the motion for an award of attorney's fees under the EAJA (Doc. 21), filed on July 25, 2013, the plaintiff requests attorney's fees in the amount of $3,306.06 to compensate her attorney for the time (eighteen (18) hours) spent representing her before this Court as of the date of the filing of the fee application (*see id.* at 1). The Commissioner does not oppose the amount of fees requested. (*See generally* Doc. 23.)

The Equal Access to Justice Act requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). It is imminently clear in this case that the plaintiff is a prevailing party under the EAJA.[2] Furthermore, the government bears the burden to establish that its position was substantially justified or that special circumstances exist that would make

---

Commissioner to determine whether to honor Plaintiff's assignment of EAJA fees.

*Varner v. Astrue*, No. 3:09–cv–1026–J–TEM, 2011 WL 2682131, at *2 (M.D. Fla. July 11, 2011); *accord Dacosta-Lima v. Astrue*, No. 3:11–cv–777–J–32TEM, 2012 WL 177398, at *3 (M.D. Fla. Jan. 23, 2012); *Morris v. Astrue*, No. 2:09–CV–595–FtM–36SPC, 2012 WL 260041, at *2 (M.D. Fla. Jan. 30, 2012).

[2] "[A] party who wins a sentence-four remand order is a prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). (*See* Doc. 20, Judgment.)

3

an award unjust, *Myers v. Sullivan*, 916 F.2d 659, 665-66 (11th Cir. 1990); *Dearmond v. Astrue*, Civil Action No. 11-0244-M, 2012 WL 1935296, at *2 (S.D. Ala. May 29, 2012), and the government has not asserted any arguments with regard to those issues (*see* Doc. 23). Thus, the Court does not find that the position of the United States was substantially justified or that this case involves special circumstances that would make an award unjust.

The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The thirty-day clock began running in this case when the Court's May 8, 2013 Judgment and Order—adopting the undersigned's recommendation that the Commissioner's decision be reversed and remanded—became final, on July 8, 2013, at the end of the sixty (60) days for appeal provided under Rule 4(a)(1)(B)(iii) of the Federal Rules of Appellate Procedure, *see Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Plaintiff's application for fees (Doc. 21) was filed on July 25, 2013, well within thirty days of final judgment. Accordingly, plaintiff's application for fees is timely.

Like 42 U.S.C. § 1988, the EAJA is a fee-shifting statute. And the Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985) (EAJA) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (§ 1988)); *see Jean v. Nelson*, 863 F.2d 759, 772-773 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), *aff'd sub nom. Commissioner, I.N.S. v. Jean*, 496 U.S. 154 (1990).

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley*, 461 U.S. at 433-34 (citations omitted); *see also id.* at 437 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."); *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis.").

In *Norman*, the Eleventh Circuit indicated that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed

5

and not the least time in which it might theoretically have been done." 836 F.2d at 1306. Because the Commissioner interposes no objection to the fee petition, the Court finds that the plaintiff's counsel reasonably spent eighteen (18) hours on legal tasks in this case.

With respect to a determination of the hourly rate to apply in a given EAJA case, for services performed by attorneys, the express language of the Act, as amended by the Contract with America Advancement Act of 1996, provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Cum. Supp. 1997). In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward from $[125] to take into account an increase in the cost of living, or a special factor.

*Id*. at 1033-1034 (citations and footnote omitted).

For years, the prevailing market rate in the Southern District of Alabama has been $125.00 per hour. *See, e.g., Willits v. Massanari*, CA 00-0530-RV-C, 2001 WL 530498, at *6 (S.D. Ala. May 4, 2001); *Boggs v. Massanari*, 00-0408-P-C (S.D. Ala. June 13, 2001); *Boone v. Apfel*, CA 99-0965-CB-L (S.D. Ala. August 30, 2001). The Court, however, has adjusted that rate to account for the increase in the cost of living. *Lucy v. Barnhart*, CA

06-0147-C (S.D. Ala. July 5, 2007 (Doc. 32)). More specifically, the Court has adopted the following formula to be used in calculating all future awards of attorney's fees under the EAJA: "'($125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint)/ 152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'" (*Id*. at 11 (quoting Doc. 31 at 2).)

The temporal midpoint in this case was January 2013, the complaint having been prepared and filed on September 6, 2012 (Doc. 1), and the Court having entered its order and judgment on May 8, 2013 (Docs. 19 and 20). The Court takes notice that the CPI-U for January 2013 was 223.933. *See* BUREAU OF LABOR STATISTICS, CONSUMER PRICE INDEX HISTORICAL TABLES FOR SOUTH, http://www.bls.gov/ro3/fax_9132.htm (last modified July 16, 2013). Plugging the relevant numbers into the foregoing formula renders the following equation: ($125 x 223.933) / 152.4. Completion of this equation renders an hourly rate of **$183.67**. In consideration of the foregoing, the plaintiff should be awarded an attorney's fee in the amount of **$3,306.06** under the EAJA for the **eighteen (18) hours** her attorney spent performing work traditionally performed by attorneys in Social Security cases.

Plaintiff also seeks reimbursement for the $350.00 filing fee paid on her behalf on October 9, 2012. (*See* Docket Sheet Entry for October 9, 2012.) It is clear to the undersigned that court costs are compensable under the Equal Access to Justice Act, *Davis v. Apfel*, 2000 WL 1658575, *4 (M.D. Fla. Aug. 14, 2000) ("The EAJA also authorizes the award of 'costs' and 'expenses.' 28 U.S.C. ' 2412(a)(1) & (d)(1)(A). It is undisputed that Davis incurred $150.00 in costs in the form of the filing fee. She is entitled to

recover this amount."); *see also Huitt v. Apfel,* 2000 WL 726914, *3 (S.D. Ala. May 25, 2000) ("[P]laintiff is entitled to court costs of $150.00[.]"), and, therefore, she is entitled to recover the **$350.00** filing fee paid in this case. The filing fee portion of the EAJA award is to be reimbursed from the Judgment Fund administered by the United States Department of Treasury. *See Reeves v. Barnhart,* 473 F. Supp. 2d 1173, 1174 (M.D. Ala. 2007) ("The Commissioner proposed Plaintiff be compensated for the filing fee from the Judgment Fund administered by the United States Treasury Department. [] The court ordered that fees be paid to Plaintiff as recommended by the Commissioner."), *aff'd sub nom. Reeves v. Astrue,* 526 F.3d 732 (11th Cir.), *cert. denied,* 555 U.S. 1072, 129 S.Ct. 724, 172 L.Ed.2d 730 (2008).

## Conclusion

Therefore, the undersigned **RECOMMENDS** that the plaintiff be awarded attorney's fees in the amount of **$3,306.06** under the Equal Access to Justice Act and court costs in the amount of **$350.00**, for a total EAJA award of **$3,656.06**.

## Notice of Right To File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or

refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 22nd day of August, 2013.

                                              s/WILLIAM E. CASSADY
                                              **UNITED STATES MAGISTRATE JUDGE**