# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| AMANDA L. PAYNE, | : | |
| Plaintiff, | : | |
| vs. | : | CA 12-0571-KD-C |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on the petition for authorization of attorney's fees filed pursuant to 42 U.S.C. § 406(b) (*see* Doc. 27) and the defendant's response (Doc. 28). Upon consideration of all pertinent materials contained in the file, it is determined that petitioner should receive a reasonable fee in the amount of $5,508.00 under the Social Security Act.

## FINDINGS OF FACT

Byron A. Lassiter, Esquire, has been plaintiff's representative since October 27, 2009 and in that capacity has represented Payne in connection with her claims for a period of disability, disability insurance benefits, and supplemental security income. (*See* Doc. 27, ¶ 1.) On September 4, 2012, two days before the filing of the complaint in this Court (*see* Doc. 1 (complaint filed September 6, 2012)), Payne executed a fee agreement wherein she agreed to the payment of an attorney's fee equaling twenty-five percent (25%) of all past-due benefits following a favorable decision (*see* Doc. 27, Exhibit C, FEE AGREEMENT ("I hereby retain the law firm of BYRON A. LASSITER AND

ASSOCIATES, P.C. to represent me and my family in proceedings at all federal court levels on my claim for Social Security Disability (Title II) and/or Supplemental Security Income (Title XVI) of the Social Security Act. [] It is understood and agreed that I will pay an attorney's fee that will be 25% of the combined gross retroactive benefits from Social Security and Supplemental Security Income [] resulting from a favorable award of the Commissioner, prior to any reduction under Section 1127(a) of the Act. [] It is understood that the term 'combined gross retroactive benefits', as used herein, represents the total amount of money to which I and any auxiliary beneficiary or beneficiaries become entitled through the month before the month SSA effectuates a favorable administrative determination or decision on my Social Security claim and that SSI past-due benefits are the total amount of money from which I become eligible through the month SSA effectuates a favorable administrative determination or decision on my SSI claim. . . . My attorney shall have the option to retain either the EAJA fee or a fee, if any, under 42 U.S.C. § 406(b), whichever amount shall be higher, and refund to me the lower of the two amounts, if any.").)

Following remand proceedings (*see* Doc. 20 (judgment remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g)), the Commissioner determined that plaintiff was entitled to social security benefits commencing December 2009 through November 2013. (Doc. 27, Exhibit B, at 1.)

The amount of past-due disability insurance benefits the Social Security Administration determined Ms. Payne was entitled to receive totals $46,032.00. (*See id.* at 2-3.) The SSA withheld twenty-five percent (25%) of those past-due benefits, that is, $11,508.00, for payment of attorney's fees. (*See id.*) The petitioner has represented in the

present application that he "received payment of $6,000.00 on March 19, 2014 for an authorized administrative attorney['s] fee." (Doc. 27, ¶ 9.)

Petitioner has submitted to this Court an itemized statement regarding the time spent before this Court pursuing Payne's claims. (Doc. 27, Exhibit A.) The total time delineated therein is 18 hours. (*Id*.)

Petitioner requests that this Court approve an attorney's fee in the amount of $5,508.00 for services rendered in court, which represents the remainder of 25% of the past-due benefits to which the Social Security Administration has determined Payne entitled under the Social Security Act, following subtraction of the $6,000.00 fee petitioner received from the Administration for services rendered before the Administration.

## **CONCLUSIONS OF LAW**

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that a court which renders a favorable judgment to a Social Security claimant may award the claimant's attorney a reasonable fee for his representation of the claimant "not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."[1]  Section 406(b) thus

---

[1] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the [Commissioner], the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." *Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir. 1986) (citation omitted).

3

"provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum." *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985) (emphasis in original; citations omitted); *see Meyer v. Sullivan,* 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Social Security Act is limited to 25% of the past-due benefits awarded).

The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-809, 122 S.Ct. 1817, 1829, 152 L.Ed.2d 996 (2002). As noted in *Gisbrecht*, "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.[2] . . . Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807, 122 S.Ct. at 1828 (footnote added).

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for

---

[2] "The prescriptions set out in § 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht,* 535 U.S. at 795-796, 122 S.Ct. at 1822 (citations omitted).

4

noncontingent-fee cases.

*Id*. at 808, 122 S.Ct. at 1828 (internal citations omitted).

In line with *Gisbrecht*, therefore, this Court will begin with the contingency fee agreement and will only reduce the amount called for by the agreement upon a determination that this amount is unreasonable. In adopting this approach, the Supreme Court rejected the Eleventh Circuit's adoption of the lodestar calculation of fees in *Kay v. Apfel*, 176 F.3d 1322, 1323 (11th Cir. 1999) (rejecting the "contingent fee" approach to calculation of attorney's fees under § 406(b) in favor of the "lodestar" approach) in favor of the contingency fee approach of other Circuits, like that of the Second Circuit in *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (district courts must begin with the contingency fee agreement and may only "reduce the amount called for by the contingency agreement [] when it finds the amount to be unreasonable."). *See Gisbrecht*, *supra*, 535 U.S. at 799 & 808-809, 122 S.Ct. at 1823-1824 & 1829.

The Social Security Administration has determined that the past-due benefits to which plaintiff is entitled to receive total $46,032.00 (*see* Doc. 27, Exhibit B, at 2-3); twenty-five percent (25%) of this amount is $11,508.00. The contingency fee agreement which Payne entered into on September 4, 2012 contemplates attorney's fees of as much as twenty-five percent (25%) of the past-due benefits awarded claimant (*see* Doc. 27, Exhibit C, FEE AGREEMENT) and it is clear to the Court that the amount requested by petitioner herein ($5,508.00), when combined with the $6,000.00 petitioner has been awarded by the Administration, is not more than 25% of the past-due benefits Payne has been awarded in this case. Moreover, petitioner did not delay this case in any manner, nor can the Court find that the requested amount is so large as to be a windfall

5

to the petitioner.[3] Given the length of petitioner's relationship with the claimant and the favorable results achieved by petitioner for the claimant, the undersigned considers the requested amount reasonable. Accordingly, the undersigned **RECOMMENDS** that the Court authorize petitioner to receive, as a fee for services rendered before this Court, the sum of $5,508.00, which, when added to the $6,000.00 petitioner has received from the SSA, represents 25% of the total of past-due disability insurance benefits awarded plaintiff. Upon receipt of the $5,508.00 from the Social Security Administration, petitioner, of course, must refund to the claimant the smaller attorney-fee award made in this case of $3,306.06 (*see* Doc. 26). *Gisbrecht, supra*, 535 U.S. at 796, 122 S.Ct. at 1822 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"); *see Watford, supra*, 765 F.2d at 1566 n.5 ("[N]o 'double recovery' is permitted, and any award received by the claimant's counsel under the EAJA for work done in court must be used to reimburse the claimant up to any amount previously awarded under 42 U.S.C. § 406(b)(1) for counsel's services in court.").

## CONCLUSION

The undersigned **RECOMMENDS** that petitioner receive as an attorney's fee for services rendered in this Court the sum of $5,508.00 pursuant to 42 U.S.C. § 406(b). Upon receipt of this sum from the Social Security Administration, petitioner must refund to Payne the smaller attorney-fee award made in this case of $3,306.06.

---

[3] The request, when broken down, renders an hourly rate of $306.00.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 29th day of October, 2014.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**